

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00223-CV

———————————————

IN THE INTEREST OF C.C., A CHILD

---

On Appeal from the 16th District Court
Denton County, Texas
Trial Court No. 21-5086-16

---

Before Bassel, Womack, and Wallach, JJ.
Per Curiam Memorandum Opinion

# MEMORANDUM OPINION

Appellant S.C. (Father), appearing pro se, attempts to appeal from a June 2, 2022 "Order Granting Nonsuit" that granted (1) the Department of Family and Protective Services' motion for nonsuit, dismissing the Department as a party, and (2) a temporary restraining order. A counterpetition filed by C.C. (Mother) remains pending in the trial court.

This court has appellate jurisdiction only over appeals from final judgments and from interlocutory orders that the Texas Legislature has specified are immediately appealable. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see, e.g.*, Tex. Civ. Prac. & Rem. Code Ann. § 51.014. A judgment is final if it disposes of every pending claim and party. *See Lehmann*, 39 S.W.3d at 205. Because the trial court's order granting nonsuit does not dispose of Mother's counterpetition, the judgment is not final.

On June 23, 2022, we notified the parties of our concern that we lack jurisdiction over this appeal because the trial court's order granting nonsuit does not appear to be a final judgment or an appealable interlocutory order. We cautioned the parties that we could dismiss the appeal absent a response filed by July 5, 2022, showing grounds for continuing the appeal. *See* Tex. R. App. P. 42.3(a), 44.3. We did not receive a response.

Because we have received no response from any party showing grounds for continuing the appeal, we dismiss the appeal for want of jurisdiction.  *See* Tex. R. App. P. 42.3(a), 43.2(f).

Per Curiam

Delivered:  July 21, 2022